**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Alice Williams, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10 C 4979 |
| ) | |
| Livingston Financial, LLC, a Minnesota ) | |
| limited liability company, and Merchants ) | |
| Credit Guide Company, an Illinois ) | |
| corporation, ) | |
| ) | |
| Defendants. ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Alice Williams, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) Plaintiff resides here; b) the acts and transactions occurred here; and, c) both Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Alice Williams ("Williams"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt, despite the fact that she was represented by the legal aid

attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Livingston Financial, LLC ("Livingston"), is a Minnesota limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Livingston collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant Livingston is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like Defendant Merchants Credit Guide.

6. Defendant Livingston is licensed to conduct business in Illinois, maintains a registered agent here, and one of its members resides in Barrington, Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Livingston does business in Illinois by collecting delinquent consumer debts from many hundreds of Illinois consumers.

7. Moreover, Defendant Livingston is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Livingston acts as a debt collector in Illinois.

8. Defendant, Merchants Credit Guide Company, is an Illinois corporation ("Merchants") that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Chicago, Illinois, Defendant Merchants

operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Merchants was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Williams.

9. Defendant Merchants is licensed to conduct business in Illinois, maintains a registered agent here and is headquartered here, see, record from the Illinois Secretary of State, attached as Exhibit C. In fact, Merchants conducts business in Illinois.

10. Moreover, Defendant Merchants is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit D. In fact, Merchants acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

11. Ms. Williams is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed for a Citibank credit card. After that debt became delinquent, it was allegedly bought by Defendant Livingston, and when Livingston began trying to collect this debt from Ms. Williams, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

12. Specifically, Defendant Livingston hired another debt collector, Defendant Merchants, to demand payment of the Livingston/Citibank debt from Ms. Williams. Accordingly, Defendants began calling Ms. Williams about payment of the debt, and on June 17, 2010, Defendants sent Ms. Williams an initial form collection letter. A copy of this collection letter is attached as Exhibit E.

13. Accordingly, on June 17, 2010, one of Ms. Williams' attorneys at LASPD informed Defendant Livingston, through its agent, Merchants, that Ms. Williams was represented by counsel, and directed Livingston to cease contacting her, and to cease all further collection activities because Ms. Williams was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit F.

14. Nonetheless, Defendants continued to call Ms. Williams including, but not limited to a telephone call on or about July 13, 2010, from telephone number 888-249-4134, in an attempt to collect the Citibank debt.

15. Moreover, when LASPD called Defendants on July 23, 2010, to direct them to stop calling Ms. Williams, one of Defendants' debt collector "Cheryl" demanded that Ms. Williams pay the debt.

16. Accordingly, on July 23, 2010, Ms. Williams' LASPD attorney sent Defendants another letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit G.

17. All of the Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

18. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

19. Plaintiff adopts and realleges ¶¶ 1-18.

4

20. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

21. Here, the letter from Ms. Williams' agent, LASPD, told Defendants to cease communications and cease collections (Exhibit F). By continuing to communicate regarding this debt and demanding payment, the Defendants violated § 1692c(c) of the FDCPA.

22. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

23. Plaintiff adopts and realleges ¶¶ 1-18.

24. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

25. The Defendants knew that Ms. Williams was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing (Exhibit F), that she was represented by counsel, and had directed Defendants to cease directly communicating with Ms. Williams. By directly calling Ms. Williams, despite being advised that she was represented by counsel, the Defendants

5

have violated § 1692c(a)(2) of the FDCPA.

26. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Alice Williams, prays that this Court:

1. Find that the Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Williams, and against the Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Alice Williams, demands trial by jury.

Alice Williams,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: August 9, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

6